# In the United States Court of Federal Claims

20-323C
Filed: April 9, 2020
NOT FOR PUBLICATION

**HEIDI PETERSON, et al.,**

    *Plaintiff,*

v.

**UNITED STATES,**

    *Defendant.*

**ORDER**

***HERTLING*, Judge**

On March 18, 2020, Heidi Peterson filed this action *pro se* for herself and her "next friend and child, Sarah Kathryn Peterson." The complaint was accompanied by neither the filing fee nor a motion to proceed *in forma pauperis*. Accordingly, the Court ordered the plaintiff either to pay the filing fee or move to proceed *in forma pauperis* by April 23, 2020, or face dismissal of her complaint. On April 7, 2020, the plaintiff filed a motion to proceed *in forma pauperis*. Upon due consideration, the motion to proceed *in forma pauperis* is granted.

The complaint appears to arise from proceedings in the State of Florida involving the removal from the plaintiff's custody of her daughter Sarah, although it is not entirely clear. In her jurisdictional statement, the plaintiff avers:

> Health and Human Services is funding Genocide of American families. Children like Sarah Peterson are stolen all across America by hate groups callings themselves police and social workers. The proceed to lie to secret Courts reminiscent of Nazi Germany in order to get the Judge to Ethnically Cleanse the American Family. The court which subjected Heidi and Sarah Peterson to physical abuse as well as 4 years of drug test and psycological testing which amounts to federal fraud considering the time of these test and there was no drug charges. They separated the child Sarah Peterson causing her mental physical and psycological damage . . . .

(Complaint at 1.)

In the plaintiff's statement of her claim, she alleges in full:

> Health and Human Services funded the State of Florida to commit genocide against the Peterson Family. Health and Human Services supported the genocide and even put witnesses at risk when they asked for

> affidavits of the police violence and conspiracy to violent stalking which resulted in an attempted murder but no protection from Health and Human Services. They do not act as a civil rights organization or oversight but they are the funders of the genocide as well as possibly notifying the people who are very dangerous who are committing genocide of the complaints against them. While the FBI refuses to investigate any crimes under the color of law. FBI is a fake law enforcement agency only stands as an obstruction to justice to the Justice departmen which lead to the high conflict genocidal and potentially murderous environment ran by Brevard County.

(Complaint at 2.)

The Court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 44 F.3d 1309, 1315 (Fed. Cir. 2006).

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (the United States is the only defendant against which this Court may hear claims). To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, so her pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that she has satisfied the jurisdictional requirements that limit the types of claims the Court of

Federal Claims may entertain.  *See, e.g.*, *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

      The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint, *see Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997), which the Court interprets liberally.  In her complaint, the plaintiff does not allege any injury connected to any action by the federal government.  The scope of her allegation against the United States appears to be based on the fact that the United States Department of Health and Human Services provides funds to the State of Florida, and that the Federal Bureau of Investigation failed to conduct an investigation, presumably into a claim she made against Florida officials responsible for investigating parental-responsibility and child-safety laws.  Neither of these claims fits within the jurisdictional limitations of this Court.

      The most liberal construction of the plaintiff's complaint is that the federal government, through the Department of Health and Human Services, aided the State of Florida in violating the plaintiff's constitutional rights, presumably arising under the Fifth Amendment's due process clause.  The due process clause of the Fifth Amendment is not money-mandating, and claims arising under its provisions do not fall within the jurisdiction of this Court.  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).  In her complaint, the plaintiff cites to 42 U.S.C. § 1983, but that provision only provides for relief against a state or its instrumentalities, and not the federal government.

      Similarly, the plaintiff's apparent assertion that the Federal Bureau of Investigation failed to undertake to investigate her complaint fails to present a claim under a money-mandating provision of federal law.

      No reading of the plaintiff's allegations supports a jurisdictional basis for proceeding in the Court of Federal Claims.  Accordingly, the plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and her complaint is **DISMISSED** without prejudice pursuant to Rules 12(b)(1) and 12 (h)(3) of the Rules of the Court of Federal Claims.  A dismissal without prejudice allows the plaintiffs to refile her complaint in a court that may assert jurisdiction over her claims.  The Clerk is directed to enter judgment accordingly.  No costs are awarded.

      It is so **ORDERED**.

                                                      s/ Richard A, Hertling  
                                                      RICHARD A. HERTLING  
                                                      Judge